IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP BATES                                                                      PLAINTIFF

v.                                    Civil No. 6:16-CV-06104

SERGEANT JAMERSON                                                      DEFENDANT

### ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to comply with a Court Order and to prosecute this case.

### I. BACKGROUND

Defendant Jamerson filed his Motion for Summary Judgment on November 16, 2017. (ECF No. 22). On November 17, 2017, the Court entered an Order directing Plaintiff to file a Response to the Motion by December 18, 2017. (ECF No. 25). In this Order, Plaintiff was advised that failure to timely and properly file his Response would result in either Defendant's facts being deemed admitted or in the dismissal of his case. (*Id.*).

On November 27, 2017, Plaintiff filed a Response. (ECF No. 26). The Response was a two-page letter describing an incident which Plaintiff alleged occurred on the twenty-first of March. (*Id.* at 1). Plaintiff did not specify the year of the incident. Plaintiff did not indicate how this incident was related to the April 18, 2016, incident detailed in his Amended Complaint. (ECF No. 6 at 4).

On April 16, 2018, the Court entered a Show Cause Order. (ECF No. 27). The Order noted that the Response did not comply with the directives of Court's prior Order to Respond, and

1

directed Plaintiff to show cause for his failure to comply by May 7, 2018. Plaintiff was advised that his failure to respond to the Order would result in the dismissal of his case. (*Id.*). To date, Plaintiff has not filed any Response to the Order. Plaintiff's last communication with the Court was on November 27, 2017. On May 8, 2018, Defendant filed a Motion to Dismiss, noting that Plaintiff had not complied with the Court's Order. (ECF No. 28).

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with a Court order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2)

Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 8th day of June 2018.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE